UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MOHAMED A.-I., | Case No. 26-CV-1817 (PJS/LIB) |
| Petitioner, | |
| v. | ORDER |
| JAMES TADMAN, Sheriff, Polk County, MN; SAMUEL OLSON, Director of St. Paul Field Office, U.S. Immigration and Customs Enforcement; SECRETARY, U.S. Department of Homeland Security; and PAMELA BONDI, Attorney General of the United States, | |
| Respondents. | |

Abdinasir M. Abdulahi, AMA LAW OFFICE LLC, for petitioner.

Matthew Isihara, UNITED STATES ATTORNEY'S OFFICE, for all respondents except James Tadman.

This matter is before the Court on petitioner Mohamed A.-I.'s petition for a writ of habeas corpus.[1]  Mohamed, a citizen of Ethiopia, entered the United States without inspection on or about April 3, 2023.  V. Pet. ¶ 17.  At about the same time, Mohamed was placed in removal proceedings.  *Id.* ¶ 18.  On February 10, 2026, an immigration judge ordered his removal and denied his application for asylum, withholding of

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by first name and last initials.

removal, and protection under the Convention Against Torture.  ECF Nos. 1-2, 1-5.

Mohamed's appeal of that decision is pending.  V. Pet. ¶ 19; ECF No. 1-2.  Fearing

detention and deportation, Mohamed attempted to flee to Canada, but Canadian

authorities immediately returned him to the United States.  V. Pet. ¶¶ 22–23.

Immigration and Customs Enforcement ("ICE") agents arrested Mohamed on

February 22, 2026.  *Id.* ¶ 24.

Respondents take the position that Mohamed is subject to mandatory detention

under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under

8 U.S.C. § 1226(a).  This position reflects both new interim guidance from ICE and

recent precedent from the Board of Immigration Appeals finding that § 1225, rather

than § 1226, applies to aliens who entered without inspection and have been residing in

the United States.  *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025)

(discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA

2025).

This is one of numerous recent cases challenging the application of § 1225(b)(2) to

aliens who are living in the United States after entering without inspection.  This Court

recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that

provision does not apply to them.  *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF),

2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

Respondents concede that this case is not meaningfully distinguishable from cases like *Santos M.C.* and instead argue that those cases are wrongly decided. Respondents' argument has some force. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026) (adopting the government's reading of § 1225(b)(2)).  But the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens who entered without inspection and are already present and living in the United States.[2]  *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (explaining that, in the context of § 1225, an "applicant for admission" is not synonymous with a person "seeking admission").

As to remedy:  Mohamed alleges that he was arrested without a warrant.  V. Pet. ¶ 24.  Respondents have attached a warrant to their response, however, and although it is not authenticated, Mohamed's reply does not dispute its authenticity, nor press the argument that he was arrested without a warrant.  Instead, Mohamed argues that, although a warrant authorizes an initial arrest, a warrant does not authorize prolonged detention.  Therefore, Mohamed says, immediate release, rather than a bond hearing, is the only effective remedy.

Mohamed does not cite any authority supporting his argument that detention for approximately one month during the pendency of removal proceedings is unreasonably

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal.

prolonged such that it would violate the Fifth Amendment right to due process.  Nor is

Mohamed correct in arguing that his detention lacks statutory authorization; § 1226(a)

clearly authorizes detention during the pendency of removal proceedings.  *See Ali v.*

*Brott*, 770 F. App'x 298, 301–02 (8th Cir. 2019) (declining to read a "reasonableness"

limitation on the length of detention authorized under § 1226(a)).

The Court will therefore order that respondents provide Mohamed with a bond

hearing pursuant to § 1226(a), failing which he must be released.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for a writ of habeas corpus [ECF No. 1] is GRANTED IN PART.

2. The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and ENJOINS respondents from denying release or other relief on the basis that petitioner is subject to mandatory detention under § 1225(b)(2).

3. No later than March 24, 2026, at 5:00 pm, respondents must provide petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a).  At this hearing, petitioner must not be denied release or other relief on the basis that petitioner is subject to mandatory detention under § 1225(b)(2).

-5-

4.    If respondents do not provide petitioner a bond hearing in compliance

with ¶ 3 of this order, respondents must unconditionally release petitioner

no later than March 25 at 5:00 pm.  If petitioner is not in Minnesota,

respondents must return petitioner to Minnesota before releasing him.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 17, 2026                              /s/ Patrick J. Schiltz
                                                   Patrick J. Schiltz, Chief Judge
                                                   United States District Court